The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SUSAN KAYE WILLIAMS, | ) | CASE NO. 06-60980 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

Debtor seeks to modify her confirmed chapter 13 plan to reduce the monthly payments. Debtor's current payments are $987.00 per month and she wants to lower the payments to $410.00 monthly. The trustee objects to Debtor's modification, arguing that Debtor's disposable income is more that $410.00 per month, requiring higher payments. The court held a hearing on July 14, 2010. John H. Hornbrook, counsel for Debtor, and Toby L. Rosen, chapter 13 trustee, participated in the hearing.

Jurisdiction is premised in 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. The following Memorandum of Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor, a widow, filed an individual chapter 13 petition on June 14, 2006. At the time of filing, she reported income of $2,366.00: $1,616.00 in pension/retirement income, $450.00 in ADC assistance for her daughter, and $300.00 from her family. Her expenses totaled $1,541.00.

Debtor's plan was confirmed September 7, 2006. Pursuant to an agreed order at confirmation, Debtor must make a minimum distribution of $18,400.00 to her unsecured creditors, representing the chapter 7 liquidation value of the estate. The agreed order required monthly payments of $987.00.

The confirmed plan also provided for a cure of the arrearage on the mortgage for her residence. According to the mortgage company's proof of claim, the regular monthly mortgage payment is $574.44. This was paid by the trustee as a conduit payment.

In January 2010, Debtor surrendered the real estate. Thereafter, she filed her first modification to reduce her payments. The modification before the court was filed on March 3, 2010 and proposes a new payment of $410.00. Amended schedules were also filed. According to the most recent Schedule I, Debtor's income is now $2,926.00: $1,340.00 in social security, $148.00 in a widow's disability, and $1,438.00 in pension/retirement income. This represents an increase of $560.00 per month. The most recent amended Schedule J, filed on June 18, 2010, itemizes expenses totaling $2,516.00. The following is a summary of the changes:

| | |
|---|---:|
| - Debtor now has a rent expense of $450.00 per month. | + $450.00 |
| - Debtor no longer has water and sewer expenses. | −    6.00 |
| - Debtor's telephone expenses increased. | +   27.00 |
| - Debtor no longer has cable. | −   45.00 |
| - Debtor's food expenses increased ($200 to $360) | +  160.00 |
| - Her clothing expense increased ($135 to $150) | +   15.00 |
| - Laundry and dry cleaning expenses increased | +   10.00 |
| - Her medical expenses increased significantly | +  240.00 |
| - She no longer has recreation expenses | −  150.00 |
| - She added rental insurance | +   20.00 |
| - Auto insurance increased ($130 to $184) | +   54.00 |
| - She added "miscellaneous expenses" | +  200.00 |

At the time of the modification, Debtor was behind on her plan payments. Debtor filed a change of address on April 16, 2010.

## LAW AND ANALYSIS

Modifications of plans are authorized by 11 U.S.C. § 1329. The party seeking modification bears the burden of proof. *See* Max Recovery, Inc. v. Than (In re Than),

215 B.R. 430 (B.A.P. 9th Cir. 1997); In re Wetzel, 381 B.R. 248 (Bankr. E.D. Wis. 2008). Debtor failed in her limited attempt to demonstrate she is entitled to a modification.

The trustee objected to the modification, seeking proof of income and amended schedules I and J to support the modification. Upon receiving the amended schedules, the trustee requested verification of Debtor's expenses. During a hearing held on July 14, 2010, the court ordered Debtor to provide proof of her food, clothing, telephone, and miscellaneous expenses. Debtor belated complied by filing a one hundred and ten page document which included various bills, receipts, bank statements, and miscellaneous records. No attempt was made by Debtor to organize the information – it was merely a drive-by receipt drop. And now it lands at the court's feet.

In reviewing the information, the court is struck by the timing of the modification. Debtor surrenders her home, which accounted for $574.44 of her plan payment (plus the associated trustee fees) and then suddenly needs to reduce her plan payment by $577.00.

Looking at the expenses, Debtor claims $325.00 for electricity and heat. She has provided exactly four bills for her heat and electric, two for each utility. Both are for service at her new address. Based on these bills, Debtor's average electric bill is $54.69; her average gas bill is $51.34, for a total of $106.03. This is $219.00 less than claimed.

Debtor now claims $400.00 per month in medical expenses. According to trustee, the average monthly medical expenses in the documents provided by Debtor total $261.00, not $400.00. This is a difference of $139.00.

Several items noted by the trustee also concern the court. There is no documentation supporting the $450.00 rent expense. Debtor is paying life insurance premiums for two other people, but lists no spouse or dependents in her schedules. Debtor's cell phone expenses for the May 18, 2010 to June 17, 2010 billing period were $264.16 and included service for four wireless numbers. Even if Debtor listed dependents, the court would find this expenditure unreasonable.

Additionally, the court also questions Debtor's expenses for automobile insurance, which appear unusually high at $184.00 per month. Debtor has not offered any explanation for the $200.00 in miscellaneous expenses. Nor has she proved that her expenditures for food, clothing, and laundry and dry cleaning are reasonable. The trustee's comment bears repeating: just because a debtor is willing to spend money on various expenses does not make those expenses reasonable.

Clearly, there is no basis to support Debtor's proposed plan modification. Trustee's objection to the modification is sustained.

An appropriate order will be entered.

# # #

## SERVICE LIST

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702